# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0145 | **DATE** | January 11, 2013 |
| **CASE TITLE** | U.S. ex rel. Michael Baker (#N-10272) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#3] is granted. The petitioner has submitted a motion to hold his petition in abeyance pending resolution of his state court habeas proceedings [#5]. As he has affirmatively pled that he failed to exhaust state court remedies prior to seeking federal habeas corpus relief, the motion is granted. Accordingly, the Court stays the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Respondent need only enter an appearance at this time. Respondent will be directed to answer the petition or otherwise plead after the case stay has been lifted. Petitioner is directed to file a status report by September 30, 2013, notifying the Court as to the posture of the state court case. Petitioner's motion for appointment of counsel [#4] is denied as premature. On the Court's own motion, Attorney General Lisa Madigan is dismissed as a party.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Michael Baker, a state prisoner, submitted his petition seeking habeas relief relating to his 1992, Cook County, Illinois convictions for possession of rock cocaine. While this petitioner has filed prior habeas petitions with this court, it appears that this petition is not successive as it concerns his sentence calculation, rather than his original conviction, and post conviction matters that were completed in 2011, 2012, or are ongoing.

The petitioner has submitted a motion to proceed *in forma pauperis.* The motion is granted. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner alleges that he has a collateral proceeding pending in state court, raising issues he could not have raised earlier, relating to his sentence.

The Seventh Circuit Court of Appeals has held that the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal. *See Dolis v. Chambers,* 454 F.3d 721 (7th Cir. 2006). Accordingly, this case is stayed pending disposition of the ongoing post-conviction proceedings. Petitioner is directed to file a status report by September 30, 2013, notifying the Court as to the posture of the state court case.

The respondent need only enter an appearance at this time. The respondent will be directed to answer the petition or otherwise plead after the case stay has been lifted. This preliminary order does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the respondent's answer to the petition.

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement.

AWL